

IN THE UNITED STATES DISTRICT COURT IN AND FOR
THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**

NOV 27 2023

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

| | | |
|---|---|---|
| 1. MISTY NICHOLE RAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No.: 23 CV 511 JFJ |
| | ) | |
| 1. CITY OF CLAREMORE, | ) | |
| *A Municipal Corporation, Ex Rel.,* | ) | |
| Claremore Police Department, | ) | |
| | ) | JURY TRIAL DEMANDED |
| 2. MATTHEW RICE, | ) | |
| *In Official Capacity, and Individually,* | ) | |
| | ) | ATTORNEY LIEN CLAIMED |
| 3. KEVIN MORA, | ) | |
| *In Official Capacity, and Individually,* | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, by and through counsel of record, sets forth the following in support of her causes of action against Defendants herein:

### ACTION, PARTIES, JURISDICTION & VENUE

1. This is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

2. Plaintiff, MISTY NICHOLE RAY (*ne* "Misty Nichole Patrick"), is a citizen of the State of Florida, with a current residence and domicile in Santa Rosa County, Florida.

3. Defendant, CITY OF CLAREMORE, *ex rel.* Claremore Police Department ("Defendant CITY"), is a political subdivision and municipal corporation organized under the laws of the State of Oklahoma, with a principal place of business in Claremore, Oklahoma, within the geographic

*fees paid, 3 summons issued*

jurisdictional boundaries of the U.S. District Court in and for the Northern District of Oklahoma (hereinafter "Northern District of Oklahoma").

4. Defendant, MATTHEW RICE ("Officer RICE"), is a citizen of the State of Oklahoma, and resides within the Northern District of Oklahoma, upon information and belief. At times relevant, Officer RICE, was a Claremore Police Officer, employed and trained by the City of Claremore, using the power and authority provided to him by the City of Claremore, and the laws of the State of Oklahoma. At times relevant to this complaint, Officer RICE was acting under the color of law, pursuant to the policies, procedures and customs of the Claremore Police Department.

5. Defendant, KEVIN MORA ("Officer MORA"), is a citizen of the State of Oklahoma, and resides within the Northern District of Oklahoma, upon information and belief. At times relevant, Officer MORA, was a Claremore Police Officer, employed and trained by the City of Claremore, using the power and authority provided to him by the City of Claremore, and the laws of the State of Oklahoma. At times relevant to this complaint, Officer MORA was acting under color of law, pursuant to the policies, procedures, and customs of the Claremore Police Department. Also, at times relevant to this complaint, Officer MORA acted intentionally to deprive Ms. Ray of her constitutional protections and property.

6. Jurisdiction of this court is invoked pursuant to 28 U.S. Code § 1332(a)(1), which grants "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between .... citizens of different States." *Id.*

7. The jurisdiction of this court is also invoked pursuant to 28 U.S.C. §1343, to secure protection and to redress deprivations of rights secured by the Fourteenth Amendment to the United States Constitution, which provides for the rights of all persons within the jurisdiction of the United

States to enjoy equal protection of the law and freedom from deprivations of liberty and property without due process of law, as enforced by the Civil Rights Act of 1871 and 42 U.S.C. §1983, which provide for protection of the civil rights of all persons and redress of deprivation of rights under color of law.

8. All events and omissions giving rise to this litigation occurred within the Northern District of Oklahoma.

9. Venue is proper herein pursuant to 28 U.S. Code § 1391(b)(1)-(2).

## PROCEDURAL FACTS

10. All preceding paragraphs and headings are incorporated here by reference.

11. The events and omissions giving rise to this case first arose on November 26, 2022.

12. Plaintiff, Ms. Ray, was held in custody approximately 18 hours following her wrongful arrest, up and until the evening hours of November 27, 2022.

13. State charges from said wrongful arrest were filed on December 14, 2022, in Rogers County case no. CM-2022-731.

14. Ms. RAY was arraigned on said charges arising from said wrongful arrest on December 14, 2022.

15. Ms. RAY entered a plea of Not Guilty to said charges on the same date.

16. Ms. RAY acknowledged receipt of state discovery on the date of her initial not guilty plea. *Id.*

17. Ms. RAY's Not Guilty plea persisted until all charges were dismissed.

18. All charges against Ms. RAY were dismissed on May 9, 2023.

19. Defendant, CITY OF CLAREMORE, is a governmental entity under the Oklahoma

3

Governmental Tort Claims Act ("GTCA"), Okla. Stat. tit. 51, § 151 *et seq.*

20. Per the GTCA, "[a]ny person having a claim against the state or a political subdivision within the scope of Section 151 *et seq.* of this title shall present a claim to the state or political subdivision for any appropriate relief including the award of money damages ... and not withstanding any other provision of law, claims against the state or a political subdivision are to be presented within one (1) year of the date the loss occurs[.]" .Okla. Stat. tit. 51, § 156(a)-(b).

21. In compliance with Section 156 of the GTCA, Plaintiff timely issued and mailed her Notice of Claim on June 5, 2023, which provided all requisite information pursuant to law. (*See* Exhibit 1.)

22. Plaintiff's GTCA Notice of Claim was acknowledged and filed by the City of Claremore and the Claremore Police Chief, by way of receipt of Certified U.S. Mail, on June 7, 2023 (*See* Exhibit 2.)

23. Also, under the GTCA, "[a} claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days, unless the state or political subdivision has denied the claim or reached a settlement with the claimant before the expiration of that period. If the state or a political subdivision approves or denies the claim in ninety (90) days or less, the state or political subdivision shall give notice within five (5) days of such action to the claimant at the address listed in the claim. If the state or political subdivision fails to give the notice required by this subsection, the period for commencement of an action in subsection B of this section shall not begin until the expiration of the ninety-day period for approval. The claimant and the state or political subdivision may continue attempts to settle a claim, however, settlement negotiations do not extend the date of denial unless agreed to in writing by the claimant and the state or political subdivision." Okla. Stat. tit. 51, § 157(A).

4

24. Plaintiff's claim has been deemed denied by operation of law, as it was not approved in its entirety within ninety (90) days of filing and receipt by the City of Claremore and the Chief of Claremore Police. *See* Exhibit 2.

25. Plaintiff's causes of action herein are timely filed.

## SUBSTANTIVE FACTS

26. All preceding paragraphs and headings are incorporated herein by reference.

27. The Defendant CITY is authorized to establish, maintain, and supervise the operations of the Claremore Police Department.

28. The policies, procedures, customs, and actions of Defendant CITY which are alleged herein were promulgated, implemented, ratified, or otherwise sanctioned under color of the ordinances of the City of Claremore and the laws of the State of Oklahoma, and therefore constitute state action within the meaning of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.

29. Plaintiff, Ms. RAY, is the grandmother of two grandchildren, and mother of an eleven-year-old, all of whom are fact witnesses to this proceeding.

30. Ms. RAY has no criminal record or criminal convictions of any kind.

31. On November 26, 2023, Ms. RAY was wrongfully arrested and imprisoned, in violation of her constitutional rights, and in violation of statutory and common law, during an encounter with law enforcement outside of a restaurant in Claremore, Oklahoma.

32. At approximately 8:05 P.M. on November 26, 2023, Defendants were dispatched to said restaurant in relation to a disturbance related to the mental breakdown of Ms. RAY's adult daughter, which occurred in the presence of her other children and grandchildren at said restaurant.

33. When Defendants first made contact with Ms. RAY, she had collected her ten-year-old son and two younger grandchildren inside her vehicle outside the subject restaurant, where she waited for the assistance of authorities, on said date.

34. Officer RICE was the first Claremore Police Officer to come into contact with Ms. RAY, on said date.

35. Defendant, Officer RICE informed Officer MORA of all relevant information known to him (Officer RICE) and directed Officer MORA to follow-up on and further investigate Ms. RAY as to any potential, future findings of probable cause regarding criminal violations by Plaintiff that had yet to be observed or articulated.

36. Thereafter, Officer MORA, conducted no field sobriety tests or specific follow-up investigation as to whether Plaintiff was intoxicated.

37. Officer MORA took physical custody of Ms. RAY, without probable cause, and separated her from her minor son and two minor grandchildren.

38. Officer MORA thereafter assumed physical custody over Ms. RAY.

39. Ms. RAY was lawfully carrying a knife at the time she was accosted by Officer MORA.

40. Ms. RAY was lawfully carrying a handgun at the time she was accosted by Officer MORA.

41. Officer MORA took possession of Ms. RAY's knife and firearm before placing her in Officer MORA's cruiser.

42. Officer MORA conducted custodial interrogation of Ms. RAY, having not informed her of her rights under *Miranda v. Arizona*, 384 US 436 (1966).

43. During said custodial interrogation, Ms. RAY exhibited no slurred speech.

44. During said custodial interrogation, Ms. RAY exhibited behavior consistent with

6

emotional distress, such as teary eyes from crying (which occurred during the underlying psychotic incident involving Ms. RAY's adult daughter, and which continued when officers separated Ms. RAY from her minor child and minor grandchildren).

45. In discussing the situation with Officer RICE, Officer MORA wrongly asserted that "the statute" allows for absolutely no alcohol consumption by a person carrying a firearm.

46. Officer RICE did not challenge or correct Officer MORA's misstatement and misunderstanding of Oklahoma law.

47. Officer MORA informed Ms. RAY that she was being arrested for "carrying a firearm while intoxicated," which is not an accurate recitation of the title or substance of any Oklahoma Statute, nor of the factual circumstances of the interaction between Defendants and Ms. RAY.

48. Upon booking of Ms. RAY into jail, Officer MORA, in discussing the arrests of Ms. RAY and her adult daughter, seemingly in jest, characterized the situation as "buy one get one free," and then went on to offer to take credit and booking responsibilities for both arrests.

49. The knife belonging to Ms. RAY, which was taken by Officer MORA, was never listed, or booked onto Ms. RAY's personal property receipt at the jail, and was never returned to Ms. RAY.

<u>CAUSES OF ACTION & CLAIMS FOR RELIEF</u>

<u>COUNT ONE – NEGLIGENCE</u>

50. Defendants owed a duty to the Plaintiff, as well as all other citizens, to use reasonable care in the carrying out of the duties of the Claremore Police Department.

51. Defendant CITY owed a duty to the Plaintiff, as well as all other citizens, to use reasonable care in the hiring, training, and supervising of Claremore police officers.

52. Defendants acted with negligence and a reckless disregard for the health and safety of

the Plaintiff when they, collectively, negligently, and recklessly, arrested Ms. RAY without probable cause, and, thereafter, wrongfully imprisoned her, inflicted emotional distress, and converted her personal property.

53. Accordingly, defendants are liable for the damages caused by their negligence, and Defendant City is vicariously liable for the negligence of its employees and agents.

54. By unlawfully arresting and imprisoning, and converting Ms. RAY's property, and by otherwise violating her federal and state civil rights as guaranteed by all applicable constitutional, statutory, and case law, Defendants breached the duty they owed.

55. Said breach of duty by Defendants was the actual and proximate cause of damages to Ms. RAY, in an amount in excess of Seventy-Five Thousand Dollars and no/100 ($75,000).

## COUNT TWO –DEPRIVATION OF FEDERAL CIVIL RIGHTS

56. All preceding paragraphs and headings are incorporated herein by reference.

57. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

58. Defendants collective and individual conduct subjected Ms. RAY to a deprivation of her rights and privileges which are secured by the Constitution and laws.

8

59. Such actions were taken under the color of law and were willful, arbitrary, and shocking to the conscience of civilized society.

60. Defendants acted with deliberate indifference to Ms. RAY's constitutional rights and deprived her of the civil liberties granted under the Federal Constitution.

61. The specific acts complained of herein were a violation of the policies, rules, and regulations of the Claremore Police Department, Constitutional and statutory rights granted by the Constitutions of United States and the State of Oklahoma, and all applicable statutory, and common-law as to negligence, civil rights violations, false arrest, false imprisonment, infliction of emotional distress, and conversion.

62. Defendants' acts violated clearly established statutory and/or constitutional rights of which a reasonable person would have known.

63. Defendant CITY OF CLAREMORE has been deliberately indifferent to the need for better training, supervision and/or discipline of its employees with regard to violation of the constitutional and statutory rights granted to Ms. RAY under the Constitution and laws of the United States and the State of Oklahoma.

64. Said indifference has created a policy and/or custom within the Claremore Police Department under which Defendant CITY's employees, co-defendants herein, were able to violate Plaintiff's constitutional rights, without fear of any serious repercussions, despite her Fourteenth Amendment rights.

65. As a result of the conduct of the Defendants, as described above, Plaintiff, Ms. RAY, suffered damages in an amount in excess of Seventy-Five Thousand Dollars and no/100 ($75,000).

66. Further, the conduct of the Defendants was willful, wanton, malicious, shocking to the

conscience, and therefore warrants the imposition of punitive or exemplary damages against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000).

### COUNT THREE – FALSE ARREST & FALSE IMPRISONMENT

67. All preceding paragraphs and headings are incorporated herein by reference.

68. As a result of the official actions of Officer MORA and Officer RICE, made in the course and scope of their employment, Ms. RAY was falsely arrested and imprisoned.

69. As a result of her wrongful arrest and imprisonment, Ms. RAY suffered damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000).

### COUNT FOUR – INFLICTION OF EMOTIONAL DISTRESS

70. All preceding paragraphs and headings are incorporated herein by reference.

71. Officer MORA's actions in the setting in which they occurred were so extreme and outrageous as to go beyond all possible bounds of decency and would be considered atrocious and utterly intolerable in a civilized society; and

72. Officer MORA recklessly caused severe emotional distress to Ms. RAY beyond that which a reasonable person could be expected to endure.

73. As a result of Officer MORA's conduct in this regard, Ms. RAY suffered damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000).

### COUNT FIVE – CONVERSION

74. All preceding paragraphs and headings are incorporated herein by reference.

75. On November 26, 2022, Ms. RAY was the owner and possessor of a metallic, women's protective knife.

76. Officer MORA intentionally took possession of said knife in the course of his duties, and

under the color of law.

77. Officer MORA failed to list said knife on Ms. RAY's property receipt at the jail, and failed to return it to her, either negligently within the scope of his employment and under color of law, or, alternatively, intentionally took wrongful possession of said knife and did not return it.

78. Ms. RAY did not consent to being permanently deprived of this item of personal property; and

79. Ms. RAY suffered damages, monetary and loss of use, as a result of the conduct of Officer MORA with regard to said knife.

## DAMAGES

80. As a result of the events and omissions of Defendants, Plaintiff has sustained damages to include:

    A. actual and compensatory damages, to wit:

        i. Emotional Distress (incl. mental distress, mental pain, anguish, suffering, and highly unpleasant mental reaction);

        ii. Physical discomfort and inconvenience;

        iii. Pain and suffering;

        iv. Physical illness and injury;

        v. Reputational damages;

        vi. Loss of Earnings;

        vii. All other compensable damages.

    B. Attorney's Fees

    C. Punitive Damages

11

WHEREFORE, premises considered, Plaintiff, MISTY NICHOLE RAY, prays for all relief requested herein, and all such further relief as deemed just and equitable.

Respectfully submitted,

LAYMAN & MORRIS, pllc

_____
Stephen G. Layman, OBA No. 22423
Mid-Continent Tower
401 South Boston Avenue | Suite 500
Tulsa, Oklahoma 74103
(918) 933-4353 *Telephone*
(918) 699-0353 *Facsimile*
steve@laymanmorris.com
COUNSEL OF RECORD FOR PLAINTIFF
MISTY NICHOLE RAY

## VERIFICATION

STATE OF FLORIDA )
) ss.
COUNTY SANTA ROSA )

Misty Nichole Ray (*ne* "Patrick"), being first duly sworn upon her oath, states:

That she is the Plaintiff above named; that she has read the above and foregoing document and knows the contents thereof, and that the statements, allegations, and facts therein set forth are true and correct to the best of her information, knowledge, and belief, under penalty of perjury.

_Misty Nichole Ray_
Misty Nichole Ray, Plaintiff

Nov. 27, 2023
Date

Navarre, FL
City, State

Subscribed and sworn before me this 27th day of November, 2023, by Misty Nichole Ray.

_WFlowers_
Notary Public

My Commission Expires:
Sept. 28, 2026

My Commission Number:
HH 317632



WINNIE FLOWERS
MY COMMISSION # HH 317632
EXPIRES: September 28, 2026

# LAYMAN | MORRIS
## ATTORNEYS

Mid-Continent Tower  
401 South Boston Avenue | Suite 500  
Tulsa, Oklahoma 74103

(918) 933—4353 *Tel.*  
(918) 699—0325 *Fax*  
firm@laymanmorris.com

JUNE 5, 2023

BY CERTIFIED U.S. MAIL, Register Nos. 7021 0950 0001 8168 8521 & 7021 0950 0001 8168 8538

John Feary, City Manager  
City of Claremore  
104 South Muskogee Avenue  
Claremore, Oklahoma 74017

Stan Brown, Chief of Police  
Claremore Police Department  
200 West 1st Street  
Claremore, Oklahoma 74017

    Re:    *Notice of Tort Claim for Misty Nichole Ray*

Dear Sirs,

This office represents Misty Nichole Ray (*ne* "Patrick") of Memphis, Tennessee. Ms. Ray was wrongfully arrested and imprisoned by officers of the Claremore Police Department on November 26, 2022. As a result of the wrongful arrest, Ms. Ray was wrongfully prosecuted for Carrying a Firearm While Under the Influence, and for Public Intoxication and Disturbing the Peace, two charges that were ultimately dismissed by the court on grounds of insufficient evidence. (*See* attached Court Minute/Order, Rogers County case no. CM-2022-731, May 9, 2023.)

This correspondence constitutes a claim for monetary damages for, and on account of, the wrongful arrest and malicious prosecution of Ms. Ray, which resulted from the malicious acts and tortious omissions of Claremore Police Officers and/or their agents and employees. This demand is made pursuant to 51 O.S. § 151, *et. seq.*

This claim is made against the City of Claremore/Claremore Police Department, and any and all agents and employees involved in this matter, as to claims emanating from the above core facts and within the ambit of the Governmental Tort Claims Act, 51 O.S. § 151, et. seq. Any and all other claims relating to this incident that may exist, under any theory, are neither addressed nor prejudiced hereby.

This claim is made for the statutory maximum. In the event of litigation, any and all additional sums, recoverable from any and all sources, shall be sought under the applicable law. The claimant is Misty



Nichole Ray (*ne* "Patrick"). The undersigned, Layman & Morris, PLLC, 401 South Boston Avenue, Suite 500, Tulsa, Oklahoma, 74103, is the authorized agent and attorney-in-fact for settlement of this claim.

This notice is served so that you might take the opportunity to investigate this matter and make an informed decision to either settle or deny my client's claims. If you have additional facts related to the above-described incident, or insights to the law of which I am not aware, please contact my office at (918) 933-4353. I can also be reached by e-mail at steve@laymanmorris.com, or by mail at the address above.

Signed,

Stephen G. Layman
Okla. Bar. No. 22423


SGL/
Cc:    Client

## Receipt 1

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Stan Brown, Chief of Police
   CLAREMORE POLICE DEPARTMENT
   104 South Muskogee Avenue
   Claremore, OK 74017

   9590 9402 8066 2349 8037 17

2. Article Number (Transfer from service label)

   7021 0950 0001 8168 8538

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: X J Zollo  ☒ Agent  ☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery: 6-7

D. Is delivery address different from item 1? ☐ Yes  ☐ No

3. Service Type:
   - ☐ Adult Signature
   - ☐ Adult Signature Restricted Delivery
   - ☒ Certified Mail®
   - ☐ Certified Mail Restricted Delivery
   - ☐ Collect on Delivery
   - ☐ Collect on Delivery Restricted Delivery
   - ☐ Priority Mail Express®
   - ☐ Registered Mail™
   - ☐ Registered Mail Restricted Delivery
   - ☐ Signature Confirmation™
   - ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

## Receipt 2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   John Feary, City Manager
   CITY OF CLAREMORE
   104 South Muskogee Avenue
   Claremore, OK 74017

   9590 9402 8066 2349 0319 05

2. Article Number (Transfer from service label)

   7021 0950 0001 8168 8521

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: X Sarah Sharp  ☒ Agent  ☐ Addressee

B. Received by (Printed Name): Sarah Sharp

C. Date of Delivery: 6/7/23

D. Is delivery address different from item 1? ☐ Yes  ☐ No

3. Service Type:
   - ☐ Adult Signature
   - ☐ Adult Signature Restricted Delivery
   - ☐ Certified Mail®
   - ☐ Certified Mail Restricted Delivery
   - ☐ Collect on Delivery
   - ☐ Collect on Delivery Restricted Delivery
   - ☐ Priority Mail Express®
   - ☐ Registered Mail™
   - ☐ Registered Mail Restricted Delivery
   - ☐ Signature Confirmation™
   - ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

**PLAINTIFF'S EXHIBIT 2**